William D. English
Attorney at Law
310 K Street, Suite 200
Anchorage, Alaska  99501
(907) 274-3633
wdenglish7001@hotmail.com

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )Case No. 3:06-CR-00041-04 (RRB) |
|              Plaintiff, | )<br>)**RESPONSE TO UNITED STATES'** |
| vs. | )**MOTION FOR APPEAL OF**<br>)**RELEASE OF DEFENDANT**<br>)**PURSUANT TO 18 U.S.C. §3142(f)** |
| CURTIS H. MCDONALD, | )**AND MOTION FOR STAY OF**<br>)**RELEASE ORDER** |
|              Defendant. | ) |
| _____ | ) |

COMES NOW the defendant, Curtis H. McDonald, by and through counsel, William English, and responds to plaintiff's appeal of the release of the defendant.

Bail hearings are supposed to determine two issues: (1) whether the defendant is a flight risk, and (2) whether a released defendant poses a danger to any other person or the community.

Issues number two above can be dispensed with quickly as an issue on appeal. The United States never argued the issue in their section titled "The United States Position on Appeal" or in their "Conclusion". Perhaps this issue was abandoned after the United States noted that their burden of persuasion was by clear and convincing evidence after the defendant overcame the presumption of detention under 18 U.S.C. §3142(e).

The sole issue on appeal is whether the defendant is a flight risk. The United States still has the burden of persuasion on this issue by a preponderance of evidence. According

1

to the experienced ear of Magistrate Judge Roberts who heard testimony from 5 witnesses for over 2 hours, the United States did not meet that evidentiary burden.

The Magistrate Judge has the ultimate discretion in bail hearings. The parties attorney's are invited to try their case prematurely in a bail hearings by the 18 U.S.C. §3142(g) factors which dovetail into trial issues. (i.e. (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person, (3) the history and characteristics of the person) The Magistrate Judge often has to listen to trial issues with a mind to deciding on the real purpose of the bail hearing. In this case, whether Mr. McDonald was a flight risk. The Magistrate Judge must have the discretion to separate out the premature conclusions reached by attorneys in a bail hearing who have not fully provided a larger context of circumstances, provided discovery to opposing attorneys, or prepared for a full cross-examination on a particular point.

One example (among many examples) from the bail hearing where the Magistrate Judge deferred the issue of the defendant's credibility and possible perjury to trial was on the point of when the defendant crossed the border back into the Alaska after a trip to Canada on or about March 14, 2006. Defendant's testimony on this particular point after a lengthy cross examination by the United States was vague. His testimony was that he spent 3 days in Canada with the purpose of booking an elk hunting trip. Mark Schmidt, a DEA agent, testified that border logs indicated that the defendant came back to Alaska from Canada the next day. This conflicting testimony provided the springboard for the United States to leap to the conclusion that the defendant lied, perjured himself, and, therefore, should be denied release because he is a flight risk. The point at trial would be developed by providing evidence if it exists of the contact with the elk hunting lodge, gas receipts tracking his travels in Canada, the border logs which track the exact timing of the border

crossings, and the overall testimony of the defendant to ascertain whether he a little fuzzy on timing issues consistently. Of particular interest would be the border crossing logs because the border is open 24 hours a day at Beaver Creek, Yukon Territories, and drivers cross the border at all times of the night after a long drive from Anchorage. If the timing of the border crossings were more like two days (early one morning and late the next night) the trier of fact would want to know those facts when weighing the testimony against the defendant's testimony of 3 days. The United States clear cut conclusion of perjury may not be so clear cut anymore.

      This is an example of why Magistrate Judges have the discretion to weigh these kinds of testimony and properly defer them to trial. It is also why they have the discretion to set bail conditions so as to insure an appearance at trial. Not mentioned in the United States motion was that bail conditions to prevent flight risk besides the $20,000 appearance bond and two third party custodians, was electronic monitoring and weekly telephonic contact with the U.S. Probation/Pretrial Services Office.

      There is some new evidence as to Mr. McDonald's flight risk. He has been out on bail for an afternoon, evening, an entire night, and this morning and has not fled. So far his actions indicate he is complying with the bail conditions.

      Dated this 3rd day of May, 2006.

                                              The Law Offices of William English
                                              Attorney for Curtis H. McDonald
                                              S/: William D. English
                                              310 K Street, Suite 200
                                              Anchorage, Alaska  99501
                                              (907) 274-3633
                                              Fax (202) 330-5072
                                              wdenglish7001@hotmail.com
                                              AK. Bar No. 9211077

CERTIFICATE OF SERVICE

I certify that on May 3, 2006 a copy of the foregoing was served
Electronically on Frank Russo.
S/: William D. English

5

Case 3:06-cr-00041-RRB    Document 72    Filed 05/03/2006    Page 5 of 5