IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>THOMAS P. RANES,<br>NOPENON DENNIS SHINE,<br>DYLAN N. BALES,<br>**CURTIS H. MCDONALD**,<br>KEVIN A. BROWNING, and<br>ROBERT H. MCDONALD,<br><br>   Defendants. | Case No. 3:06-cr-0041-RRB<br><br><br>**ORDER UPHOLDING<br>PRE-TRIAL RELEASE** |

   Before the Court is the Government's Motion for Appeal of Release of Defendant Pursuant to 18 U.S.C. § 3142(f) at Docket 63.

   The Court has considered the pleadings of the parties relevant to the pre-trial release of Defendant **CURTIS H. MCDONALD,** and has listened to the detention hearing held in this matter on May 2, 2006.

   There is a rebuttable presumption that a defendant charged with a controlled substance offense for which the penalty

is ten years or more represents both a flight risk and a danger to the community.  18 U.S.C. § 3142(e).  As such, a defendant should not be released pending trial unless this presumption can be overcome.  In the instant case, Defendant has presented testimony of friends and family that he is neither a flight risk nor a danger to the community and has pointed to Defendant's connection to the community, his mild manner, and his lack of criminal record in order to overcome this presumption.

The Government, however, argues that the Defendant lied at his detention hearing and that this fact, combined with the extent of the criminal activity involved, argues against pre-trial release.  In the instant case, the Magistrate Judge found that Defendant's wife had not been "fully candid" with the Court and further, that the testimony of Defendant was not "fully candid" but found the testimony of Defendant's best friend and sister credible and sufficient to justify pre-trial release.

After having listened to the tape of the detention hearing, the Court agrees with the Magistrate Judge's assessments with regard to the credibility of the various witnesses appearing before him.  In the Court's mind, however, a person's candor at a detention hearing is a significant factor in assessing one's willingness to comply with release conditions.  And the fact that a defendant is evasive or testifies falsely argues strongly against pre-trial release, especially given the presumption in favor of

detention.  Defendant testified that he had no knowledge of any illegal activity, but a co-conspirator revealed, according to Mark Schmidt, post-arrest and without any apparent motive to deceive, that Defendant was knowingly involved in the transport of drugs and money, i.e., he was paid for his efforts.  This, coupled with the alleged misstatements regarding Defendant's stay in Canada and the admitted lies to border authorities, raises significant credibility issues that, while they do not necessarily go to the issue of flight risk, impact potential harm to the community in terms of hindering prosecution and the potential for witness and/or evidence tampering.

The question, therefore, is whether or not the conditions of release are such as to safeguard the community against these concerns.  Although the question is obviously a close one, the Court concludes that the Magistrate Judge has adequately addressed these concerns with the strict conditions of release imposed and will defer to his discretion in this matter.  If, however, the Government has or discovers additional information relevant to this issue, it should be brought to the attention of the Magistrate Judge.  The Court further must emphasize that Defendant strictly comply with the sight and sound conditions of his release, and that he make no effort whatsoever to contact, directly or indirectly, any of the alleged co-conspirators involved herein.  Any violation should result in immediate remand to custody.

The Court therefore **AFFIRMS** the Magistrate Judge's detention order in the matter.

ENTERED this 4th day of May, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE