William D. English
Attorney at Law
310 K Street, Suite 200
Anchorage, Alaska 99501
(907) 274-3633
wdenglish7001@hotmail.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 3:06-CR-00041-04 (RRB) |
| Plaintiff, | ) AFFIDAVIT OF COUNSEL |
| vs. | ) |
| CURTIS H. MCDONALD, | ) |
| Defendant. | ) |

STATE OF ALASKA         )
                                       )ss.
THIRD JUDICIAL DISTRICT )

William D. English, first being duly sworn, upon oath, deposes and states:

1. I am the attorney for the Defendant, Curtis H. McDonald, and make this affidavit in support of an application for an Order severing the indictment against Mr. McDonald and granting him a separate trial.

2. On April 19, 2006, the Defendant, Curtis H. McDonald, was indicted along with five other co-defendants.

3. It is inconceivable how the Defendant could receive a fair trial if he is required to go to trial in this case with five other co-defendants.

4. The Defendant is charged with only three overt acts out of the twenty eight overt acts listed in the indictment.

1

5. Because of the numerous defendants and the numerous lawyers required to represent them and the sheer volume of the evidence, this trial will likely last several weeks. In view of the great amount of evidence that will be required to be adduced against each defendant, it is impossible for the jury to remember all the evidence against each of the defendants so that each will receive a fair and impartial trial.

6. Too often, in trials with multiple defendants, the jury loses sight of the evidence against each of the defendants because of the length of the trial and the complexity of the evidence, and, as a result, the right of a defendant to have his case separately judged is seriously prejudiced. An innocent defendant could be unfairly tainted by the evidence of his co-defendants.

7. Particularly in conspiracy cases, a defendant may be prejudiced by the admission into evidence against a co-defendant of a statement or confession made by that co-defendant. Neither the Defendant, Curtis H. McDonald, nor my office are presently aware of any confessions or statements made by any of the co-defendants. It is definitely conceivable, however, that such a statement or confession exists. Rule 14 of the Federal Rules of Criminal Procedure provides that the Court may, in ruling on a motion for severance, "order the attorney for the Government to deliver to the Court for inspection *in camera* any statements or confessions made by the defendants which the Government intends to introduce in evidence of the trial." It is respectfully requested that the Court call upon the United States Attorney to produce all such statements or confessions so that the Court will be in a position to properly rule upon the portion of this motion requesting a severance.

Further affiant sayeth naught.

DATED this 30 day of May, 2006, in Anchorage, Alaska.

_____
William D. English

SUBSCRIBED AND SWORN to before me this 30th day of May, 2006.

_____
Notary Public in and for Alaska
My Commission Expires: 9/20/08