DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
MICHAEL J. BURKE
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
frank.russo@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:06-cr-00041-4-RRB |
| | ) | |
| Plaintiff, | ) | **OPPOSITION TO MOTION** |
| | ) | **FOR SEVERANCE** |
| vs. | ) | |
| | ) | |
| CURTIS H. MCDONALD, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States of America, by and through undersigned counsel, and hereby opposes defendant's motion for severance, filed at docket 107, with an accompanying affidavit filed at docket 108.  The defendant, pursuant to Fed. R. Crim. P. 14, moves to sever his trial from those of his co-defendants for

two reasons: first, he believes – unjustifiably – that the evidence against him is less than that against his co-defendants, and thus that a joint trial with his co-defendants will prejudice him in the eyes of the jury.  Second, he believes that severance may be appropriate based on <u>United States v. Bruton</u>, 391 U.S. 123 (1968), if the United States introduces a post-arrest statement of a co-defendant under circumstances that would compromise his right to confront such witnesses.

A joint trial will not prejudice the defendant's rights, in that he was properly joined with the co-defendants in the indictment, which alleges a conspiracy of which he was an integral part.  The defendant's mistrust of the jury's ability to follow the legal instructions of the trial court does not warrant severance.   Finally, the United States does not intend to introduce any post-arrest statements of non-testifying co-defendants.  Thus, the defendant's <u>Bruton</u> concerns are unwarranted.

<u>BACKGROUND</u>

A federal grand jury has charged the defendant in Counts 1 and 2 of the Indictment in this case, relating to a conspiracy to import and distribute marijuana. Paragraph five of the indictment alleges that "It was part of the conspiracy for **CURTIS H. MCDONALD**, KEVIN A. BROWNING, and ROBERT H. MCDONALD, as well as others, to drive vehicles used to transport marijuana and money to and from Canada." (emphasis added).   To this end, the defendant is

mentioned in four of the 28 overt acts, which describe specific instances of the defendant's involvement in transporting drugs and money for the conspiracy.

## JOINDER IS PROPER

The defendant has failed to meet his burden of proving he will suffer actual prejudice or that substantial rights will be affected by proceeding to trial with the other co-defendants. Normally, defendants who are jointly indicted should be jointly tried. United States v. Mariscal, 939 F.2d 884 (9th Cir. 1991); United States v. Polizzi, 801 F.2d 1543 (9th Cir. 1986). Fed. R. Crim. P. Rule 8 is the rule that approves of the joinder of both offenses and parties in the same indictment. The goal of this rule is to maximize trial convenience and efficiency with a minimum of prejudice. United States v. Sarkisian, 197 F.3d 966, 975 (9th Cir. 1999). Thus, the courts construe Fed. R. Crim. P. 8 as to be liberally applied in favor of joinder. Sarkisian, 197 F.3d at 975.

Fed. R. Crim. P. 8 provides that when the offenses or parties are part of the same act or transaction or in the same series of acts or transactions constituting the offense or offenses. The term "transaction" is interpreted flexibly, and whether a "series" exists depends on whether there is a "logical relationship" between the transactions. Sarkisian, 197 F.3d at 975-6. A "series of transactions" can be logically related either by "by the existence of a common plan, scheme, or

conspiracy" or by a showing that the evidence of the common activity constitutes a substantial portion of proof of the joined charges  United States v. Vasquez-Velasco, 15 F.3d 833, 843-44 (9th Cir. 1994).  Moreover, as long as the defendant is part of the same "series of acts or transactions, Rule 8 explicitly provides that "[a]ll defendants need not be charged in each count."  Fed. R. Crim. Proc. 8(b).

Fed. R. Crim. P. 14 provides that offenses or parties joined pursuant to Fed. R. Crim. 8 may be severed from one another where it appears that a defendant or the government will suffer prejudice by the joinder of charges or defendants.  The prejudice must be clear, manifest, or undue.  United States v. Adler, 879 F.2d 491, 497 (9th Cir. 1988).  It must involve prejudice of a nature and significance sufficient to violate one of the defendant's substantive rights, such as the opportunity to present his own defense or to deny the defendant a fair trial.  United States v. Tootick, 952 F.2d 1078, 1082 (9th Cir. 1991).

It is the defendant's burden to make a strong showing that he will be prejudiced by being tried with the other defendants.  Williamson v. United States, 310 F.2d 192 (9th Cir. 1962).  Defendants are required to establish compelling reasons why severance is appropriate.  Parker v. United States, 404 F.2d 1193 (9th Cir. 1968).  The defendant has established neither prejudice nor any compelling

reasons in support of the motion other than to make a general complaint that evidence against co-defendants would "spill over" onto the defendant and thus would be unfair.

The primary consideration in determining prejudicial effect in a joint trial is whether the jury can reasonably be expected to separate the evidence as it relates to the individual defendants. United States v. Escalante, 637 F.2d 1197 (9th Cir.), cert. denied, 449 U.S. 856 (1980). Antagonistic and conflicting defenses do not necessarily require severance, even if there are hostilities between the defendants or if they blame one another. United States v. Brady, 579 F.2d 1121 (9th Cir. 1978), cert. denied, 439 U.S. 1074 (1979). Rather, " [t]o warrant severance, a defendant must establish clear, manifest, or undue prejudice from joinder... [m]erely suggesting, or even demonstrating, a comparative advantage in separate trials, absent a showing of manifest prejudice, doe not entitle a coconspirator to severance." United States v. Adler, 879 F.2d 473 (9th Cir. 1988). For instance, in a conspiracy case, severance is required when co-conspirators' defenses are mutually exclusive - when acquittal of one defendant necessarily results in the conviction of the other, not when the defenses are merely inconsistent. Id. "The mere presence of hostility among defendants or the desire of one to exculpate himself by

inculpating the others does not generate the kind of prejudice that mandates severance." United States v. Sherlock, 865 F.2d 1069 (9th Cir. 1989).

Despite the fact that the defendant has not fully reviewed the evidence against him, he speculates that there is "sparse evidence" against him. Apparently, he bases this belief on the fact that he is named in four of the 28 overt acts alleged in the conspiracy. However, the defendant ignores the fact that it is not required that the government disclose before trial all the overt acts in furtherance of a conspiracy. United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979); United States v. DiCesare, 765 F.2d 890, 897-898 (9th Cir. 1985); United States v. Robertson, 15 F.3d 862, 874 (9th Cir. 1994), rev'd. on other grounds, 514 U.S. 669 (1995). Indeed, there will be evidence at trial that the defendant made approximately 15 trips to Canada in furtherance of the conspiracy.

The reality of the defendant's situation notwithstanding, the fact that there may be more incriminating evidence against one defendant as opposed to another co-defendant is insufficient to justify a separate trial for the latter. United States v. Marcello, 731 F.2d 1354 (9th Cir. 1984). The prejudicial effect of the greater presentation of evidence and additional charges against one co-defendant, can be eliminated by instructions to the jury. United States v. Douglass, 728 F.2d 1472 (9th Cir. 1986). Denial of severance is proper even though evidence is weaker

against one of the co-defendants. United States v. Candoli, 870 F.2d 496 (9th Cir. 1989).

Finally, the defendant's mistrust of the jury's intelligence is unfounded and does not justify his motion. United States v. Reeves, 674 F.2d 739 (8th Cir. 1982); United States v. Rocha, 916 F.2d 219 (5th Cir. 1990); United States Console, 13 F.3d 641 (3d Cir. 1993); United States v. Najjar, 300 F.3d 466 (4th Cir. 2002). A defendant who simply stands a better chance of acquittal if tried separately is still not entitled to a severance. Zafiro v. United States, 506 U.S. 534 (1993); United States v. Brooks, 957 F.2d 1139 (4th Cir. 1992).

## BRUTON ISSUES

Currently, the United States does not intend to introduce any post-arrest statement of non-testifying co-defendants that would prejudice the defendant's confrontation rights. To the extent that such a statement subsequently arises, the United States will inform the Court and the defendant. In sum, the evidence against the defendants, the witnesses, and the places involved will all be the same. A separate trial would unnecessarily consume judicial resources when a joint trial would be appropriate. For the forgoing reasons, the United States submits that the Court deny the defendant's request for severance.

RESPECTFULLY SUBMITTED this 6<u>th</u> day of June 2006, in Anchorage, Alaska.

                DEBORAH M. SMITH
                Acting United States Attorney

                s/ Frank V. Russo
                Assistant U.S. Attorney
                Federal Building & U.S. Courthouse
                222 West Seventh Avenue, #9, Room 253
                Anchorage, Alaska  99513-7567
                (907) 271-5071
                (907) 271-1500 (fax)
                Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true
and correct copy of the foregoing was sent to
the following counsel of record on June 6, 2006, via:

      (X )Electronic Filing

Robert English

Executed at Anchorage, Alaska, on June 6, 2006

s/ Frank V. Russo
Office of the U.S. Attorney