UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br>vs.<br><br>Thomas P. **RANES**,<br>Nopenon Dennis **SHINE**,<br>Dylan N. **BALES**,<br>Curtis H. **McDONALD**,<br>Kevin A. **BROWNING**,<br>Robert H. **McDONALD**,<br><br>           Defendants. | 3-06-cr-00041-04-RRB-JDR<br><br>**RECOMMENDATION<br>REGARDING<br>MOTION TO SEVER**<br><br>(Docket No. 107) |

Defendant **Curtis H. McDonald** moves for an order severing his trial from that of his co-defendants. Docket entry 107. The motion is opposed by the government. Docket entry 120. For reasons stated below, I conclude the motion to sever lacks merit.

McDonald is charged in counts 1 and 2 of an indictment charging six defendants with conspiracy to import controlled substances (count 1) and conspiracy in relation to marijuana trafficking (count 2). Some of the co-defendants are also charged with money laundering. McDonald argues that his trial may be unfairly tainted by the evidence offered against his co-defendants, that the evidence against him is sparse in comparison to the evidence anticipated against the co-defendants, and that he may be prejudiced by the admission of evidence of a statement or confession of a co-defendant implicating him. He relies upon Rule 14 of the Fed.R.Crim.P.

McDonald appears to have been properly joined in the indictment under Rule 8 of the Fed.R.Crim.P. That rule provides that when offenses or parties are part of the same act or transaction, or in the same series of acts or transactions constituting the offense(s), they may be joined in a single indictment. No issue of joinder is presented in the motion.

Defendants who are jointly indicted are normally jointly tried. <u>United States v. Mariscal</u>, 939 F.2d 884 (9th Cir. 1991). Rule 14 of the Fed.R.Crim.P. provides that offenses or parties may be severed from one another where it appears that a defendant or the government will suffer prejudice by the joinder of charges or defendants. The defendant bears the burden of showing that he would be prejudiced by being tried with the other defendants. <u>Williamson v. United States</u>,

310 F.2d 192 (9th Cir. 1962).  Such prejudice must be clear, manifest or undue. United States v. Adler, 879 F.2d 491, 497 (9th Cir. 1988).

McDonald has not established prejudice or any compelling reason to support his motion to sever the defendants for trial.  The nature of the alleged crimes is not complex, and there is no reason to believe that a jury could not be expected to separate the evidence as it relates to the individual defendants and charges.  *See*, United States v. Escalante, 637 F.2d 1197 (9th Cir.), *cert. denied*, 449 U.S. 856 (1980).  McDonald is named in four of the alleged overt acts, and the government states in its opposition that it intends to offer evidence at trial that he made about fifteen trips to Canada in furtherance of the conspiracy.  The fact that there may be more incriminating evidence offered against one defendant, as opposed to a co-defendant, is insufficient to justify a separate trial.  United States v. Marcello, 731 F.2d 1354 (9th Cir. 1984).  *See also*, United States v. Candoli, 870 F.2d 496 (9th Cir. 1989).  That a defendant may stand a better chance of acquittal if tried separately does not entitle him to a severance.  Zafiro v. United States, 506 U.S. 534 (1993).

McDonald argues that severance may be appropriate based on United States v. Bruton, 391 U.S. 123 (1968).  The government states in its opposition that it does not intend to introduce any post-arrest statements of non-testifying co-defendants.  Thus, the fear of any prejudice resulting from a Bruton problem is rendered moot by the government's position.

For the foregoing reasons, the motion to sever lacks merit and should be denied. IT IS SO RECOMMENDED.

DATED at Anchorage, Alaska, this 7th day of June, 2006.


 /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **NOON, Friday, June 16, 2006**, to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before **NOON, Thursday, June 22, 2006**. The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).