William D. English
Attorney at Law
310 K Street, Suite 200
Anchorage, Alaska  99501
(907) 274-3633
wdenglish7001@hotmail.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 3:06-CR-00041-04 (RRB) |
| Plaintiff, | ) **MOTION FOR BILL OF** |
| | ) **PARTICULARS** |
| vs. | ) |
| CURTIS H. MCDONALD, | ) |
| Defendant. | ) |

COMES NOW the defendant, Curtis H. McDonald, by and through counsel, and moves the Court for an Order, pursuant to Rule 7(f), requiring the United States to furnish him within a time to be specified, a written bill of particulars as to the following matters:

1. Inform the Defendant, Curtis H. McDonald, who is the conspirator alluded to in Overt Act 3 of the Superceding Indictment dated June 20, 2006.

2. Inform the Defendant, Curtis H. McDonald, who is the conspirator alluded to in the Overt Act 13 of the Superceding Indictment dated June 20, 2006.

3. Does the Government contend that the Defendant, Curtis H. McDonald, actually committed Overt Act 18 in furtherance of the alleged conspiracy?  If so, state the following with regard to any such act.

    (a) the location and time of the act;

    (b) the substance of the act;

    (c) the purpose of the act;

   (d) whether a representative of the United States or any other person allegedly saw the Defendant, Curtis H. McDonald, commit the alleged act.

4. Does the Government contend that the Defendant, Curtis H. McDonald, actually committed Overt Act 20 in furtherance of the alleged conspiracy? If so, state the following with regard to any such act.

   (a) the location and time of the act;

   (b) the substance of the act;

   (c) the purpose of the act;

   (d) whether a representative of the United States or any other person allegedly saw the Defendant, Curtis H. McDonald, commit the alleged act.

5. Does the Government contend that the Defendant, Curtis H. McDonald, actually committed Overt Act 26 in furtherance of the alleged conspiracy? If so, state the following with regard to any such act.

   (c) the location and time of the act;

   (d) the substance of the act;

   (c) the purpose of the act;

   (d) whether a representative of the United States or any other person allegedly saw the Defendant, Curtis H. McDonald, commit the alleged act.

6. Does the Government contend that the Defendant, Curtis H. McDonald, actually committed Overt Act 27 in furtherance of the alleged conspiracy? If so, state the following with regard to any such act.

   (e) the location and time of the act;

   (f) the substance of the act;

   (c) the purpose of the act;

    (d)  whether a representative of the United States or any other person allegedly saw the Defendant, Curtis H. McDonald, commit the alleged act.

7. Does the Government contend that the Defendant, Curtis H. McDonald, actually committed Overt Act 35 in furtherance of the alleged conspiracy?  If so, state the following with regard to any such act.

    (g) the location and time of the act;

    (h)  the substance of the act;

    (c)  the purpose of the act;

    (d)  whether a representative of the United States or any other person allegedly saw the Defendant, Curtis H. McDonald, commit the alleged act.

8. Does the Government contend that the Defendant, Curtis H. McDonald, actually committed Overt Act 46 in furtherance of the alleged conspiracy?  If so, state the following with regard to any such act.

    (i)  the location and time of the act;

    (j)   the substance of the act;

    (c)  the purpose of the act;

    (d)  whether a representative of the United States or any other person allegedly saw the Defendant, Curtis H. McDonald, commit the alleged act.

9. The names and addresses of any unindicted co-conspirators who have become known to the government in this case.

10. Inform the Defendant, Curtis H. McDonald, as to which of the Defendants or unindicted co-conspirators he is alleged to have conspired with directly as part of the overall conspiracy charged under Counts 1 and 2.

11. Inform the Defendant, Curtis H. McDonald, of the agreement that comprised the conspiracy with the Defendants or unindicted co-conspirators named in paragraph 4 above.

12. Set forth any additional overt acts, other than Overt Acts 1 through 56 in the Indictment, that the Government could have included in Counts 1 and 2, but were not, and about which the Government intends to present testimony at the trial.

Dated this 30th day of August, 2006.

> The Law Offices of William English
> Attorney for Curtis H. McDonald
> S/: William D. English
> 310 K Street, Suite 200
> Anchorage, Alaska  99501
> (907) 274-3633
> Fax (202) 330-5072
> wdenglish7001@hotmail.com
> AK. Bar No. 9211077

CERTIFICATE OF SERVICE

I certify that on August 30, 2006 a copy of the foregoing was served
Electronically on Frank Russo.
S/: William D. English

William D. English
Attorney at Law
310 K Street, Suite 200
Anchorage, Alaska  99501
(907) 274-3633
wdenglish7001@hotmail.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )Case No. 3:06-CR-00041-04 (RRB) |
| | ) |
| Plaintiff, | )**MEMORANDUM IN SUPPORT** |
| | )**FOR MOTION FOR BILL OF** |
| vs. | )**PARTICULARS** |
| | ) |
| CURTIS H. MCDONALD, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

The purpose of a bill of particulars is to prevent prejudicial surprise at trial.  The defendant, Curtis H. McDonald, needs more factual information from the government in order to adequately prepare for trial.  The focus for additional detail in requests 1 through 8 stems from the general language and vague drafting that pervades the Superceding Indictment (hereafter "the Indictment).  For example, in Overt Acts 3 and 13, there is a vague reference to "a conspirator" who is not named.  Given that there are currently 15 named co-conspirators in the Indictment, any one of which may be the conspirator, the chances are 1 in 15 that any one defendant may be surprised at trial.  The defendant, Curtis H. McDonald, should not have to play an unnecessary guessing game in trial preparation.  In addition, an alibi defense is at stake given the references in the Overt Acts to time and location.  This request is based on common sense.  Vague references to a conspirator needs to be clarified.

1

The general language extends to many of the Overt Acts that Curtis H. McDonald is mentioned by name. The focus on requests 3 through 8 in the Motion for Bill of Particulars stems from a need to clarify how Curtis H. McDonald's actions furthered the conspiracy. For example, in Overt Act 20, on June 9, 2005, Curtis McDonald was flying from Anchorage to Vancouver. Nothing else was mentioned in the Overt Act other than flying. Normally the act of flying is not indictable, just as eating breakfast is not indictable. Clearly the government has something on its mind but cannot express it in clear language. The defendant is not a mind reader either. In order to prepare for trial, Mr. McDonald needs to know some of the basics like the purpose of his flying, who he was supposed to meet, how he intended to further the conspiracy, the time and location of his meetings in Vancouver, and how the government intends to prove Mr. McDonald's knowledge of the conspiracy. Again, common sense should prevail.

A second example of general language that needs clarification is the allegation that Mr. McDonald crossed into "Canada" in Overt Act 46. Canada is a large country, and with the drafting in OA 46, the government might as well be saying Mr. McDonald was heading to someplace in the northern hemisphere. Where in Canada is important for trial purposes to Mr. McDonald and formulating an alibi defense. If the government believes that Mr. McDonald was heading to Whitehorse, YT, and Mr. McDonald asserts that he was in Watson Lake, YT, Mr. McDonald will exercise his right to an alibi defense. He needs to know now, before trial, in order to actively prepare for such a defense. Credit card receipts and the trail of gas purchases needs to be reconstructed as well as witnesses that he met with. This reasoning applies to any of the Overt Acts that allege a time and location as well as the request for any Overt Acts that are not mentioned in the Indictment but which the government intends to rely on in trial. (See Request #12)

Requests 9, 10, and 11 in the Motion for Bill of Particulars also requests clarification in the Indictment that stems from the vague statement in paragraph 1 that mentions "together with other co-conspirators".  Given that this statement was made immediately after the governments' complete recitation by name of the 15 defendants, one can reasonably assume that there might be unindicted co-conspirators out there.  If so, these are important witnesses to Curtis H. McDonald.  They might have important exculpatory information, yet they might not be called at trial.  Mr. McDonald does not want to be prejudicially surprised at trial either if they have inculpatory information.  Mr. McDonald requests their disclosure.

Defendant is well aware that there is case law supporting both sides of virtually any request under a Bill of Particular.  Ultimately any request is in the discretion of the court.  The facts and circumstances outlined above are based on common sense and are not sweeping requests for discovery.  In close cases, Rule 7(f) should be construed liberally. *U.S. v. Giampo,* 904 F. Supp. 235, 280 (D.N.J. 1995)   Another court stated "If the competing interests of the defense and the government are closely balanced, the interests of the defendant in disclosure must prevail."  *U.S. v. Rogers,* 617 F. Supp. 1024, 1027-1028 (D. Colo. 1985).

          The Law Offices of William English
          Attorney for Curtis H. McDonald
          S/: William D. English
          310 K Street, Suite 200
          Anchorage, Alaska  99501
          (907) 274-3633
          Fax (202) 330-5072
          wdenglish7001@hotmail.com
          AK. Bar No. 9211077

<u>CERTIFICATE OF SERVICE</u>

I certify that on August 30, 2006 a copy of the foregoing was served
Electronically on Frank Russo.
S/: William D. English

4