NELSON P. COHEN
United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
MICHAEL T. BURKE
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
frank.russo@usdoj.gov
mike.burke2@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA , )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CURTIS H. MCDONALD, )<br>)<br>)<br>Defendant. )<br>_____ ) | Case No. 3:06-cr-00041-4-RRB<br><br>**OPPOSITION TO MOTION**<br>**FOR BILL OF PARTICULARS** |

COMES NOW the United States of America, by and through undersigned counsel, and hereby opposes defendant's motion for a bill of particulars, filed at docket 214.   The defendant, pursuant to Fed. R. Crim. P. 7(f), moves for a bill of

particulars, claiming that the 29-page superseding indictment, containing 56 named overt acts, is somehow vague.

The United States has not only properly tracked the language of the statute in the indictment, but has set forth the defendant's role in the conspiracy as well as identified eleven overt acts the defendant committed in furtherance of the conspiracy.  Moreover, the United States has provided thousands of pages of discovery, hundreds of hours of recordings, and thousands of photographs to the defendant that outlines the conspiracy, its members, and the United States evidence at trial.  The defendant's request goes far beyond a bill of particulars and is simply a discovery request outside the auspices of Fed. R. Crim. P. 16.

<u>Law Applicable to Requests for Bills of Particulars</u>

The legitimate purposes of a bill of particulars are extremely limited.  Under Rule 7(f) of the Federal Rules of Criminal Procedures, the only purposes of a bill of particulars are to give a defendant information about the charges against him in order to:  (1) fairly apprise him of the nature of the charge so that he may prepare his defense and avoid prejudicial surprise at trial, and (2) enable him to plead his conviction or acquittal as a bar to a second prosecution for the same offense.[1]  <u>See</u>

---

[1] The threat of double jeopardy has been substantially reduced by statute, <u>e.g.</u>, 28 U.S.C. § 1731, and case law, <u>e.g.</u>, <u>Russell v. United States</u> 369 U.S. 749, 764 (1962); <u>United States v. Haldeman</u>, 559 F.2d 31, 126 (D.C. Cir. 1976), by giving all defendants recourse to the entire trial record should they ever have to plead former jeopardy.  <u>See</u> <u>also</u> Note, <u>Indictment Sufficiency</u>, 70 Colum.L.Rev. 876, 885 (1970).

e.g., United States v. Ayers, 924 F.2d 1468 (9th Cir. 1991); United States v. Drebin, 557 F.2d 1316, 1325 (9th Cir. 1977); Cook v. United States, 354 F.2d 529, 531 (9th Cir. 1965); Yeargain v. United States, 314 F.2d 881, 882 (9th Cir. 1963).

As far as the government is aware, the defendant has never previously been convicted of any offense related to the charges contained in the indictment. The only pertinent question, therefore, is "whether adequate notice of the charge has been given to the defendant." Wright, Federal Practice and Procedure, Criminal § 129, p. 289 (West 1969). To fulfill these purposes, the indictment need only allege the essential elements of the offenses within the language of the statute. United States v. Tavelman, 650 F.2d 1133, 1137 (9th Cir. 1981); United States v. Matlock, 675 F.2d 981, 986 (8th Cir. 1982); United States v. Lurz, 666 F.2d 69, 78 (4th Cir. 1981). Thus, "an indictment needs do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crimes." United States v. Tramunti, 513 F.2d 1087, 1113 (2d Cir. 1975).

The Ninth Circuit has stated that if a defendant has failed to allege a defect in discovery or some surprise, a bill of particulars is properly denied. United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984) (no abuse of discretion in denying a motion for a bill of particulars when defendant failed to allege full

discovery not afforded or unfair surprise); <u>United States v. Burt</u>, 765 F.2d 1364, 1366 (9th Cir. 1985) (bill of particulars properly denied where the defendant did not demonstrate surprise, prejudice or increased risk of double jeopardy).  The test for determining whether to grant a bill of particulars is whether it is necessary, not whether it is helpful.  <u>United States v. Weinberg</u>, 656 F. Supp. 1020, 1029 (E.D.N.Y. 1987).  Moreover:

> When the demand goes "to the government's proof rather than to a clarification of the indictment it cannot be granted on a motion for bill of particulars."

<u>United States v. Tallant</u>, 407 F. Supp. 878, 890 (N.D. Ga. 1975) (citations omitted).

A defendant may not use a motion for a bill of particulars to inquire into the means or manner by which a defendant committed a specific criminal act.  <u>See</u>, e.g., <u>United States v. Gray</u>, 464 F.2d 632, 635 (8th Cir. 1972) (manner of offense); <u>Ellis v. United States</u>, 321 F.2d 931, 932 (9th Cir. 1963) (denied bill of particulars requesting information regarding means used by defendant to aid and abet offense); <u>Pines v. United States</u>, 123 F.2d 825 (9th Cir. 1941) (disclosure of manner and means not required).  Furthermore, the defendant may not use a bill of particulars to seek disclosure of the identity of any unindicted coconspirators. <u>United States v. Dicesare</u>, 765 F.2d 890, 897-98 (9th Cir. 1985).

Where, as in this case, the indictment and discovery give the necessary details of the offenses alleged, the defendant is not individually entitled to a bill of particulars. United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984); United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983); United States v. Chenaur, 552 F.2d 294, 300-302 (9th Cir. 1977); Drebin, 577 F.2d at 1325; United States v. Clay, 476 F.2d 1211, 1215 (9th Cir. 1973). The defendant has had open access to all of the discovery in this case and has received copies of much of the discovery. The dates, times, and locations of the various events the defendant seeks are set forth as specifically as possible in both the indictment and the discovery made available to him.

The Defendant's Specific Request for Particulars

Within his motion, the defendant sets forth 12 enumerated requests, several of which contain subparts. These requests can be grouped into four areas: requests to identify unindicted co-conspirators (requests 1, 2, and 9); requests for means, manner, and evidence that the defendant committed a particular overt act or crime charged in the indictment (requests 3 through 8, 10 and 11); and a request for additional uncharged overt acts that will be proved at trial (request 12). Each group of requests will be addressed below.

Requests 1, 2, and 9

With respect to requests 1 and 2, the defendant asks the government to identify the conspirators referenced in overt acts 3 and 13, respectively, fearing that the defendant may be surprised at trial if the government presents evidence that he is the conspirator referenced therein. Neither of these events reference Curtis McDonald, but rather an unindicted co-conspirator. The names of unindicted co-conspirators are the subject of request 9. However, the defendant is not entitled to the names of unidentified co-conspirators. United States v. Dicesare, 765 F.2d 890, 897-98 (9th Cir. 1985); United States v. Burt, 765 F.2d 1364, 1367 (9th Cir. 1985).

Requests 3 - 8, 10 & 11

Requests 3 through 8 all pertain to overt acts that reference the defendant: overt acts 18, 20, 26, 27, 35, and 46, respectively. The defendant first asks if the government contends that the defendant actually committed these acts in furtherance of the conspiracy. The answer to this question is self-evident, as such is unequivocally set forth in the indictment. Next, the defendant asks for the location, time, and substance of these acts. Again, all of these particulars are set forth in the indictment. With respect to exact times and places, such detailed disclosure is not required by bills of particulars. See Dicesare, 765 F.2d at 897-98; United States v. Long, 449 F.2d 288, 294-95 (8th Cir. 1971) (exact times not

required). In any event, to the extent that such information is not in the superseding indictment, it may be found in border crossing information that has been turned over in discovery.

The defendant then asks the purpose of the act, and whether anyone witnessed him commit the act. Both of these details are not required. See United States v. Mustachio, 968 F.2d 782, 787 (9th Cir. 1991); see also United States v. Cochrane, 985 F.2d 1027, 1031 (9th Cir. 1993) (an indictment need not allege the government's theory of the case or detail the evidence to be presented at trial). Regardless, the purpose of the defendant's actions in participating in the overt acts is clear from paragraph 5 of the Superseding Indictment: "It was part of the conspiracy for **CURTIS H MCDONALD**, KEVIN A. BROWNING, ROBERT H. MCDONALD, NOPENONE DENNIS SHINE, RODNEY W. RHODEN, RANES, and JAMES ROBERT RANES, as well as others, to drive vehicles used to transport marijuana and money to and from Canada." (Emphasis added). Each of the overt acts describes exactly that type of behavior: traveling to or from Canada with money or marijuana, or preparing to participate in such behavior.

The defendant compares the act of commercial air travel to the act of eating breakfast, and that neither "is indictable." This appears to evince a misunderstanding of conspiracy law, as both can be part of a conspiratorial

7

agreement if such acts further the underlying conspiracy. Here, how the act of taking a commercial airline flight from Anchorage to Vancouver furthered the conspiracy should be fairly obvious, given that the conspiracy alleges a scheme to import marijuana from a source in Vancouver. However, if the defendant requires further evidence about these trips, and "how the defendant intends to prove Mr. McDonald's knowledge [Defendant's Memorandum, p. 7], he must wait until trial as such further detail is not properly the subject of a motion for a bill of particulars. United States v. Smith, 776 F.2d 1104 (3rd Cir. 1985). The defendant has the "when" and the "where", which is all that is required to formulate any defense, alibi or otherwise. While the defendant may not be a "mind reader," it is disingenuous to suggest that he is at a complete loss for why he traveled to the places alleged at the times alleged. Presumably, he can advise his counsel whether he was actually on a commercial flight to Vancouver on the dates alleged, and if so, the legitimate purpose behind such flight, if any.

Similarly, requests 10 and 11 seek information about the government's proof of the offense, in that they request who the defendant is alleged to have conspired with and the details of such conspiratorial agreement. First of all, such information is not necessary to obtain a conviction of the defendant for conspiracy. See Rogers v. United States, 340 U.S. 367, 375 (1951) ("[A]t least two persons are

required to constitute a conspiracy, but the identity of the other members of the conspiracy is not needed, inasmuch as one person can be convicted of conspiring with persons whose names are unknown.") The general details of the conspiratorial agreement are laid out in the superseding indictment. The specific manner and means of the agreement is not properly the subject of a bill of particulars.  See, e.g., United States v. Gray, 464 F.2d 632, 635 (8th Cir. 1972) (manner of offense); Ellis v. United States, 321 F.2d 931, 932 (9th Cir. 1963) (denied bill of particulars requesting information regarding means used by defendant to aid and abet offense); Pines v. United States, 123 F.2d 825 (9th Cir. 1941) (disclosure of manner and means not required).

Request 12

Request 12 demands all uncharged overt acts the government intends to introduce at trial.  Such disclosure is a request for discovery, and is not required to be disclosed before trial.  United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979); United States v. DiCesare, 765 F.2d 890, 897-898 (9th Cir. 1985); United States v. Robertson, 15 F.3d 862, 874 (9th Cir. 1994), rev'd. on other grounds, 514 U.S. 669 (1995). The "[a]cquisition of evidentiary detail is not the function of the bill of particulars." Hemphill v. United States, 392 F.2d 45, 49 (8th Cir. 1967).

**CONCLUSION**

The superseding indictment clearly informs the defendant of the charge, the approximate dates of the offense, and the location of the alleged crimes.  Further details have been provided in the voluminous discovery, which has resulted in this case being declared complex.   The defendant's claim that he needs to avoid surprise at trial is disingenuous, as he really wants discovery regarding how the government will prove its case at trial.  Such request is beyond the purposes of a bill of particulars and outside the scope of pre-trial discovery.  Thus, the Court should deny the defendant's motion.

//

//

//

//

RESPECTFULLY SUBMITTED this 7th day of June 2006, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Frank V. Russo
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
(907) 271-1500 (fax)
Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true
and correct copy of the foregoing was sent to
the following counsel of record on September 7, 2006, via:

    (X )Electronic Filing

Robert English

Executed at Anchorage, Alaska, on September 7, 2006

s/ Frank V. Russo
Office of the U.S. Attorney

11