NELSON P. COHEN
United States Attorney

FRANK V. RUSSO
JAMES N. BARKELEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
frank.russo@usdoj.gov
jim.barkeley@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:06-cr-00041-4-RRB |
| | ) | |
| Plaintiff, | ) | **PARTIAL OPPOSITION TO** |
| | ) | **MOTION TO DISCLOSE** |
| vs. | ) | **INFORMANT** |
| | ) | |
| CURTIS H. MCDONALD, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States of America, by and through undersigned counsel, and hereby opposes in part the defendant's motion to disclose confidential informants, filed at docket 259. The defendant has failed to meet his burden of establishing the necessity of disclosure of the informant's identity. Nevertheless,

the United States will disclose the informant's identity, along with corresponding Brady / Giglio material, five days prior to trial or at such time the Court orders.

## The Law of Informant Disclosure

In order to encourage citizens to fulfill their obligation to communicate knowledge of criminal activity by preserving their anonymity, and in furtherance and protection of the public interest in effective law enforcement, the government's privilege to withhold the identity of persons who furnish information to officers charged with the enforcement of criminal laws has been recognized by the Supreme Court. Scher v. United States, 305 U.S. 251, 254 (1983); In re Quarles, 158 U.S. 532, 535- 536 (1895); Vogel v. Gruaz, 110 U.S. 311, 316 (1884). The existence and reasonableness of this government privilege has been tested and is well established. McCray v. Illinois, 386 U.S. 300, 308-309 (1967).

The privilege, however, is not absolute. Where the disclosure of an informant's identity or communications is relevant and helpful to an accused's defense or is essential to a fair determination of the cause at issue, the Supreme Court has also stated that said privilege must give way. Roviaro v. United States, 353 U.S. 53, 60-61 (1957); Scher, 305 U.S. at 254. To determine whether disclosure is justifiable or required, the public's interest in protecting the free flow of information and the safety and security of the informants must be balanced

against an accused's interest in obtaining information.  Roviaro, 353 U.S. at 62. Because there is "no fixed rule," the court's decision in each case must depend on the particular circumstances of that case, considering the crime charged, the possible defenses, the significance of an informant's testimony, and any other relevant factors.  Roviaro, 353 U.S. at 62.

The burden of establishing the necessity for disclosure is on the defendant. United States v. Whitney, 633 F.2d 902, 911 (9th Cir. 1980); United States v. Prueitt, 540 F.2d 995, 1004 (9th Cir. 1976).  A mere request for disclosure of an informant's identity is generally held to be insufficient.  United States v. Mainello, 345 F. Supp. 863, 881-882 (E.D.N.Y. 1972).  Speculation of helpfulness will not compel disclosure.  United States v. Trejo-Zambrano, 582 F.2d 460, 466 (9th Cir. 1978).  Nor will the mere possibility of obtaining relevant testimony compel disclosure. United States v. Moreno, 588 F.2d 490, 494 (5th Cir. 1979).

## Argument

Here, the defendant makes a blanket request that the United States disclose the identity of the informant simply because such disclosure may be helpful to the defense.  This is patently insufficient.  Trejo-Zambrano, 582 F.2d at 466. Tellingly, the defendant does not explain how or why such disclosure will be helpful to him, nor does he submit any affidavits or offers of proof to explain how

3

disclosure of the informant is essential to his defense.  Indeed, the informant in this case has never met the defendant, nor is the informant a percipient witness to any of the acts that the defendant committed in furtherance of the conspiracy as alleged in the Superseding Indictment.  There being no explanation as to why the defendant requires disclosure now, he has not overcome the privilege against disclosure.  See Roviaro, 353 U.S. at 62 (setting forth factors the Court should consider when deciding whether to grant a motion to disclose).

     Regardless, the informant in this case will be a witness at trial.  The United States plans to turn over the identity of the informant, along with any attendant Brady / Giglio material, five days before trial, or at a time the Court shall order.  There being no apparent reason that the defendant requires this information before then, such disclosure would strike the appropriate balance between the government's need to protect its informants and the defendant's right to prepare his defense.  See United States v. Foster, 815 F.2d 1200, 1202-1203 (8th Cir. 1987) (holding that earlier disclosure of informant's identity was not required where informant testified at trial and there was nothing to indicate that defendant would have done anything differently to affect result at trial had earlier disclosure been made).  It is also noteworthy that the defendant already has information concerning the informant, which was provided in the Title III affidavits supplied in discovery.

Therein, the United States sets forth the motivations and criminal history of the informant. By listening to the audio recordings provided in discovery, the defendant has gleaned the first name of the informant. Accordingly, the defendant appears to already have the information he seeks in the instant motion.

Finally, the defendant is not entitled to have the informant produced in advance of trial. United States v. Bonilla, 615 F.2d 1262, 1264 (9th Cir. 1980). His request for a pre-trial interview should be denied.

## Conclusion

The United States respectfully requests the Court deny the defendant's motion to disclose informants at this early juncture, and adopt the United States'

//

//

//

proposal of disclosing the identity of the informant along with <u>Brady</u> / <u>Giglio</u> information, five days prior to trial.

RESPECTFULLY SUBMITTED this <u>8th</u> day of November 2006, in Anchorage, Alaska.

        NELSON P. COHEN
        United States Attorney

        <u>s/ Frank V. Russo</u>
        Assistant U.S. Attorney
        Federal Building & U.S. Courthouse
        222 West Seventh Avenue, #9, Room 253
        Anchorage, Alaska  99513-7567
        (907) 271-5071
        (907) 271-1500 (fax)
        Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true
and correct copy of the foregoing was sent to
the following counsel of record on November 8, 2006, via:

    (X )Electronic Filing

Robert English

Executed at Anchorage, Alaska, on November 8, 2006

<u>s/ Frank V. Russo</u>
Office of the U.S. Attorney