William D. English
Attorney at Law
310 K Street, Suite 200
Anchorage, Alaska  99501
(907) 274-3633
wdenglish7001@hotmail.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 3:06-CR-00041-04 (RRB) |
| | ) |
| Plaintiff, | ) **MOTION IN LIMINE** |
| | ) |
| vs. | ) |
| | ) |
| CURTIS H. MCDONALD, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

    COMES NOW the defendant, Curtis H. McDonald, by and through counsel, and moves the Court for an Order, pursuant to Rule 404(b) and Rule 403, prohibiting the United States from introducing at trial any evidence of the defendant's prior bad acts of dealing cocaine.  Rule 404(b) provides that evidence of bad acts are inadmissible to prove the defendant's criminal character or propensity to commit crimes of the sort for which he is on trial.

    In the case at bar, the defendant was charged with Conspiracy to Import Controlled Substances, and Conspiracy in Relation to Marijuana Trafficking.  The only two drugs mentioned in the Indictment are marijuana and ecstasy.  Cocaine is not mentioned.  If the Government were allowed to introduce the jury to evidence of the defendant's past as a cocaine dealer, an uncharged crime, which is irrelevant to the Indictment at bar, such evidence, would merely demonstrate, in the jurors minds, the defendant's propensity to engage in drug distribution conspiracies.  The Government cannot connect the defendant's

1

alleged past as a cocaine dealer to the conspiracy and trafficking in the present case. The time frames, personnel, and drugs are removed from the Indictment in this case.

The Government's inability to link the defendant's alleged prior bad acts to the present Indictment is an important point. As set forth in *U.S. v. Varoudakis,* 233 F. 3d 113 (1st Cir. 2000), to admit evidence of prior bad acts, a trial court must find that the evidence passes two tests. First, the evidence must have a "special relevance" to an issue in the case, and must not include "bad character or propensity" as a necessary link in the inferential chain. *Id.* At 118. As stated in Rule 404(b), the Government's burden is to show special relevance such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident". The Government will have to make such a showing in order to admit the evidence. If the Government plans to make this showing, then the defendant requests a hearing before trial.

Defendant notes his right under Rule 404(b) for reasonable notice in advance of trial of the general nature of such evidence and of the Government's intent to use such evidence.

Even if the Government makes a showing of the special relevance of the defendant's prior cocaine dealing to the present Indictment, the second test that must be passed are the improper grounds under Rule 403. Such testimony will be prejudicial and will outweigh it's probative value. Dealing cocaine is newsworthy in our society and highly condemned. Common sense would lead one to believe that a jury, after hearing such evidence, would conclude that the defendant had a general propensity to break the law, or that the defendant's character is such that he engages in drug conspiracies. The prejudicial effect of such testimony should be eliminated from the jury's consideration.

2

Furthermore, there is a mountain of evidence in this case. The Government does not need the cumulative evidence of prior bad acts to add to the evidence that it already has.

Therefore, defendant respectfully asks the Court for an Order in Limine excluding evidence of uncharged crimes including past cocaine dealing by the defendant.

Dated this 15th day of December, 2006.

> The Law Offices of William English
> Attorney for Curtis H. McDonald
> S/: William D. English
> 310 K Street, Suite 200
> Anchorage, Alaska  99501
> (907) 274-3633
> Fax (202) 330-5072
> wdenglish7001@hotmail.com
> AK. Bar No. 9211077

CERTIFICATE OF SERVICE

I certify that on December 15, 2006 a copy of the foregoing was served Electronically on Frank Russo.
S/: William D. English

3