NELSON P. COHEN
United States Attorney

SHAWN C. FULLER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm 253
Anchorage, Alaska 99513-7567
Phone:(907) 271-5071
Fax: (907) 271-1500
e-mail: shawn.fuller@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-00041-04-RRB |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **RESPONSE TO** |
| vs. | ) | **DEFENDANT'S MOTION IN** |
| | ) | **LIMINE** |
| CURTIS H. McDONALD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The United States of America, by and through undersigned counsel, hereby responds to the defendant's motion in limine, filed at docket 282, seeking to preclude reference at trial to certain prior bad acts of the defendant. Specifically,

1

the defendant requests that the government not make reference to his alleged involvement in cocaine trafficking, claiming that such testimony is more prejudicial than probative pursuant to Fed. R. Crim. P. 403 and 404(b).

Rule 404(b) states, in pertinent part, that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  It is well established, however, that evidence of other crimes, wrongs, or acts is admissible for impeachment purposes. In <u>United States v. Gay</u>, the Ninth Circuit held, in pertinent part, that "Federal Rule of Evidence 404 restricts the use of evidence solely for purposes of demonstrating a criminal proclivity.  It **does not** proscribe the use of other act evidence as an impeachment tool during cross examination." 967 F.2d 322, 328 (9th Cir. 1992) (emphasis added).

At this time, the United States does not intend on introducing evidence pertaining to the defendant's cocaine trafficking during its case-in-chief.  While several witnesses are familiar with the defendant based on his prior cocaine trafficking, the government does not intend to elicit this testimony from the witnesses during its case in chief.  However, such evidence may become relevant should the defendant "open the door" to such testimony, either through cross-examination of these witnesses, or through the defendant's own testimony.  At that

point, the United States will seek permission from the Court before eliciting such testimony.

RESPECTFULLY submitted this 22nd day of December 2006, at Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Shawn C. Fuller
SHAWN C. FULLER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
(907) 271-5071
(907) 271-1500 (fax)
Shawn.fuller@usdoj.gov

**CERTIFICATE OF SERVICE**
I hereby certify that on December 22 2006,
a copy of the foregoing served
electronically on William English.

s/ Shawn C. Fuller