NELSON P. COHEN
United States Attorney

FRANK V. RUSSO
SHAWN C. FULLER
Assistant U.S. Attorneys
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
frank.russo@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:06-cr-00041-RRB |
| ) | |
| Plaintiff, ) | |
| ) | DISCOVERY CONFERENCE |
| vs. ) | CERTIFICATE |
| ) | |
| THOMAS P. RANES, NOPENONE ) | |
| DENNIS SHINE, CURTIS H. ) | |
| MCDONALD, JOSHUA S. MURPHY, ) | |
| JUSTIN KILLIAN, RODNEY W. ) | |
| RHODEN, SAMUEL J. MATECHUK, ) | |
| MITCHELL LEBLANC, DANIEL J. ) | |
| KNEITEL, KURTIS R. CROY, KYLE ) | |
| MCDONALD-WOLOCHATIUK, ) | |
| WILLIAM C. YANCEY and YIN TAK ) | |
| MIU, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

COMES NOW the United States of America, by and through undersigned counsel, and hereby certifies that the defendants (with the exception of those who have yet to be arraigned and those that have already pled guilty), through counsel, requested discovery from the United States, pursuant to Fed. R. Crim. P. 16, and the United States provided discovery to the defendants on December 28 and 29, 2006, and will continue to provide other discovery as it becomes available. The status of Rule 16 discovery is set forth below:

(a) Government's Disclosure.

    (1) Information Subject to Disclosure.

        (A) Defendant's Oral Statement. Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.

> **Status:** **The government has agreed to provide all such statements to each defendant to the extent that they exist. Such statements have been provided, or will be provided by January 5, 2007.**

        (B) Defendant's Written or Recorded Statement. Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:

            (i) any relevant written or recorded statement by the defendant if:

(1) the statement is within the government's possession, custody, or control; and

(2) the attorney for the government knows--or through due diligence could know-- that the statement exists;

**Status:** **To the extent that they exist and the government is aware of them, such statements have been turned over to each defendant. Additional statements such as recorded jail telephone calls and email will be provided if and when they are obtained by the government.**

(ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and

**Status:** **To the extent that they exist, such statements have been turned over to each defendant. Additional statements will be provided if and when they are obtained by the government.**

(iii) the defendant's recorded testimony before a grand jury relating to the charged offense.

**Status:** **The government is unaware of any such testimony.**

(C) Organizational Defendant. Upon a defendant's request, if the defendant is an organization, the government must disclose to the defendant any statement described in Rule 16(a)(1)(A) and (B) if the government contends that the person making the statement:

(i) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or

(ii) was personally involved in the alleged conduct constituting the offense and was legally able to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent.

**Status:**     **This provision is not applicable to this case.**

(D) Defendant's Prior Record. Upon a defendant's request, the government must furnish the defendant with a copy of the defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows--or through due diligence could know--that the record exists.

**Status:**     **To the extent that they exist, such prior records have been turned over to each defendant. Additional information on criminal records have also been furnished in the pre-trial services report.**

(E) Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

(i) the item is material to preparing the defense;

(ii) the government intends to use the item in its case-in-chief at trial; or

(iii) the item was obtained from or belongs to the defendant.

**Status:**     **The government has made and will continue to make available for inspection, copying, and/or photographing, upon**

> **request, all items seized during this investigation as well as related investigations that are within the government's possession, custody, and control. The government acknowledges its continuing duty pursuant to <u>Brady v. Maryland</u> to furnish any exculpatory evidence it is aware of in a timely fashion. With respect to items the government intends to use at its case-in-chief at trial, the government will make available its trial exhibits for inspection one week prior to the final pre-trial conference.**
>
> **In addition, the government acknowledges its continuing duty to make available items, documents and other objects it subsequently obtains that meet the criteria set forth above. To this end, if the government obtains additional search warrants, it agrees to make such search warrants available to the defense.**

(F) Reports of Examinations and Tests. Upon a defendant's request, the government must permit a defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:

(i) the item is within the government's possession, custody, or control;

(ii) the attorney for the government knows--or through due diligence could know--that the item exists; and

(iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.

> **Status:  Currently, there are completed examinations of drug evidence as well as examinations of evidence pertaining to the cause of the fire that engulfed Ranes' Ford Explorer at Jim Creek. The government will make such evidence and examinations available to the defense upon request. Other scientific tests**

        **and examinations are being and will continue to be performed. The government will provide the results and reports of these tests to the defense in a timely fashion upon their completion.**

      (G) Expert witnesses.--At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under subdivision (b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

        **Status:**    **Currently, the government anticipates that it will call chemists from the DEA Crime Laboratory to testify regarding their analysis of controlled substances seized during the investigation. The government expects that these chemists will testify that they weighed each item seized in accordance with laboratory protocol and that they performed scientific tests on the substances. In their opinion, the substances contain the controlled substances reflected in their laboratory analyses. Statements of qualifications of these chemists are available upon request.**

        **In addition, to the extent the scientific tests and experiments are being performed and continue to be performed as set forth in (F), above, the government anticipates that expert testimony concerning those tests and experiments may be introduced in the government's case-in-chief at trial. The government will notify the defense of these experts in a timely manner sufficient to allow the defense an opportunity to retain its own expert witnesses, if necessary. The government**

        **will also provide to the defense a summary as provided by this rule.**

(2) Information Not Subject to Disclosure. Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

        **Status:     In correspondence, defense counsel have requested early disclosure of statements made by prospective witnesses. The government will comply with 18 U.S.C. § 3500 regarding disclosure of witness statements, and will do so five days prior to trial.**

(b)    Defendant's Disclosure

In accordance with Rule 16(b), the United States hereby requests the opportunity to inspect and copy documents and objects within the defendant's custody and control (Rule 16(b)(1)(A)); review reports of any examinations and tests (Rule 16(b)(1)(B)); and reports of any expert witnesses (Rule 16(b)(1)(C)). In addition, pursuant to Fed. R. Crim. P. 12.1, the United States requests notice of any alibi defense to be relied upon by any defendant as a defense for any alleged overt act

in the indictment, as well as any defense pertaining to insanity, mental condition (Fed. R. Crim. P. 12.2), or public authority (Fed. R. Crim. P. 12.3).  The United States respectfully requests that the Court set a pre-trial deadline for the filing of such notices.

RESPECTFULLY SUBMITTED this 29th day of December, 2006, in Anchorage, Alaska.

                                      NELSON P. COHEN
                                      United States Attorney

                                      /s Frank V. Russo
                                      FRANK V. RUSSO
                                      Assistant U.S. Attorney
                                      Federal Building & U.S. Courthouse
                                      222 West Seventh Avenue, #9, Room 253
                                      Anchorage, Alaska  99513-7567
                                      (907) 271-5071
                                      (907) 271-1500 (fax)
                                      Frank.Russo@usdoj.gov


## CERTIFICATE OF SERVICE

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on December 29, 2006, via:

    (✔) ELECTRONIC NOTICE

| | |
|---|---|
| **Michael Filipovic**<br>(Counsel for ▲Thomas P. Ranes, Def. 1 )<br>Federal Public Defender<br>1601 Fifth Avenue, Suite 700<br>Seattle, WA 98101<br>Tel: 206/553-1100<br>Fax: 206/553-0120 | **Michael Dieni**<br>**Kevin McCoy**<br>(Counsel for ▲ Nopenon Dennis Shine, Def. 2)<br>601 W. 5th Ave., Suite 800<br>Anchorage, AK 99501<br>Tel: 646-3400<br>Fax: 646-3480 |
| **Phillip P. Weidner**<br>(Counsel for ▲ Dylan N. Bales, Def. 3)<br>330 L St., Suite 200<br>Anchorage, AK 99501<br>Tel: 276-1200<br>Fax: 278-6571 | **William D. English**<br>(Counsel for ▲ Curtis McDonald, Def. 4)<br>310 K St., Ste. 200<br>Anchorage, AK 99501<br>Tele: 264-6722<br>Fax: 277-0712 |
| **Rex Lamont Butler**<br>(Counsel for ▲ Kevin Browning, Def. 5)<br>745 W. 4th Ave., Suite 300<br>Anchorage, AK 99501<br>Tel: 272-1497<br>Fax: 276-3306 | **Joe P. Josephson**<br>(Counsel for ▲ Robert McDonald, Def. 6)<br>912 W. 6th Avenue<br>Anchorage, AK 99501-2024<br>Tel: 276-0151<br>Fax: 276-0155 |
| **Robert M. Herz**<br>(Counsel for ▲ Joshua S. Murphy, Def. 7)<br>425 G Street, Suite 600<br>Anchorage, AK 99501<br>Tel: (907) 277-7171<br>Fax: (907) 277-0281 | **Allan Beiswenger**<br>(Counsel for ▲ Justin Killian, Def. 8)<br>1101 W. 7th Avenue<br>Anchorage, AK 99501<br>Tel: (907) 868-1280<br>Fax: (907) 258-6419 |
| **Thomas Wonnell**<br>(Counsel for ▲Rodney Rhoden, Def. 9 )<br>2600 Denali St., Suite 460<br>Anchorage, AK 99503<br>Tel: 276-8008<br>Fax: 278-8571 | **Scott Sterling**<br>(Counsel for ▲ James R. Ranes, Def. 10 )<br>851 E. Westpoint Drive, Ste. 201<br>Wasilla, AK 99654<br>Tel: (907) 376-8076<br>Fax: 907-376-8078 |
| **Hugh Fleischer**<br>(Counsel for ▲ William C. Yancey, Def. 16)<br>310 K. St., Suite 200<br>Anchorage, AK 99501<br>Tel: (907)264-6635<br>Fax: (907)264-6602 | **Allen N. Dayan**<br>(Counsel for ▲ Yin Tak Miu, Def. 17)<br>745 West 4th Avenue, Suite 400<br>Anchorage, AK 99501<br>Tel: 277-2330<br>Fax: 277-7780 |

s/ Frank V. Russo